**J.B.J. DISTRIBUTORS, INC., and Joel E. Morrow, Appellants,**

v.

**Jacques JAIKARAN, Appellee.**

**No. 01–87–00424–CV.**

Court of Appeals of Texas,
Houston (1 Dist.).

Feb. 1, 1988.

R. Paul Yetter, James H. Miller, Baker & Botts, Houston, for appellants.

Andrea N. Moore, Houston, for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

## OPINION

EVANS, Chief Justice.

The parties have filed a joint motion to dismiss as a result of a settlement reached following a Moderated Settlement Conference Procedure, that was conducted pursuant to the provisions of the Tex.Civ.Prac. & Rem.Code Ann. secs. 154.001 et seq. (Alternative Dispute Resolution Procedures Act) (Vernon Supp.1988).

The appellee, Dr. Jacques Jaikaran, recovered $178,000 in damages from the appellants, J.B.J. Distributors, Inc., and Joel E. Morrow, based on his claims of breach of contract, fraud, and violations of the Deceptive Trade Practices Act. He alleged that he had purchased for $10,600 a wrist watch from the appellants, that they represented to be an authentic Rolex watch. He asserted that contrary to the defendants' representations, the watch was not an authentic Rolex watch and was not subject to that manufacturer's warranty. After a non-jury trial, the court found all essential facts in favor of the appellee and on January 23, 1987, entered judgment awarding to Jaikaran $178,000. This amount represented $10,600 as actual damages, $35,670 for lost wages, $25,000 for mental anguish, $50,000 for exemplary damages, and $56,-755 for attorney's fees.

On appeal, the appellants bring six points of error, challenging (1) the legal and factual sufficiency of the evidence to support the trial court's award of actual damages, (2) the court's award of lost wages, (3) the

legal and factual sufficiency of the court's award of damage for mental anguish, (4) the court's award of punitive damages, (5) the award of attorney's fees, and (6) the trial court's findings that the non-conformity of the wrist watch substantially impaired its value and that revocation occurred before the watch changed substantially.

The 1987 Alternative Dispute Resolution Procedures Act implements the policy of this State to encourage the peaceable resolution of disputes and the early settlement of pending litigation through voluntary settlement procedures. Tex.Civ.Prac. & Rem. Code Ann. sec. 154.002. Under this Act, all courts, including appellate courts, have been given the responsibility to carry out that policy. Tex.Civ.Prac. & Rem.Code sec. 154.001.

Both parties to this appeal made written requests for oral argument, and the case was duly set for oral submission on January 26, 1988. The Court, after reviewing the case file, advised counsel of its responsibility under the Act, suggested that the case might be appropriate for referral to some alternative dispute resolution procedure, and indicated that the Court would conduct a telephone conference with counsel to discuss the potential for such referral. *See* Tex.Civ.Prac. & Rem.Code Ann. secs. 154.002, 154.022. As a result of that telephone conference, the lawyers agreed to attend, with their clients, a Moderated Settlement Conference Procedure, to be conducted in the courtroom of this Court on January 25, 1988. The Court entered an order of referral, confirming the time and place and directing that each party to the appeal (or their representative having settlement authority) attend the conference with their counsel of record. In its order, the court appointed three impartial attorneys whom the Court found to be fully qualified to serve as moderators. *See* Tex. Civ.Prac. & Rem.Code Ann. secs. 154.051– 154.054. The appointed moderators were: The Honorable Barbara Clark, The Honorable Ronald Hayes, and The Honorable Roy Ashe.

Additionally, the referral order directed that the Moderated Settlement Conference was to be conducted pursuant to the provisions of the Act, and that all matters, including the conduct and demeanor of the parties and their counsel, would remain confidential and would not be disclosed to anyone, including the Court. *See* Tex.Civ. Prac. & Rem.Code Ann. sec. 154.073. The Court further specified that the referral would not delay or modify any time period relating to the disposition of the case, unless expressly ordered by a subsequent ruling by the Court.

The Moderated Settlement Conference was conducted pursuant to this order, and following that conference, counsel for both parties advised the clerk of this Court that they had reached a settlement of their dispute and intended to dismiss the appeal. Thereafter, on January 27, 1988, the parties filed a joint motion to dismiss the appeal.

We conclude that the settlement conference was duly conducted pursuant to the provisions of Tex.Civ.Prac. & Rem.Code Ann. sec. 154.051 et seq., and that the appeal should be dismissed in accordance with Tex.R.App.P. 59(a)(1)(A). We further conclude that this opinion should be published under authority of Tex.R.App.P. 90 and that the disposition should be reported to the Texas Supreme Court. Tex.Civ. Prac. & Rem.Code Ann. sec. 154.072.

The parties' joint motion to dismiss the appeal is granted, and the appeal is ordered dismissed. In accordance with the parties' agreed motion, the supersedeas bond is ordered released immediately. Costs of appeal are divided equally between the parties.